

**Shapiro Arato Bach LLP**

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Cynthia S. Arato
carato@shapiroarato.com
Direct: 212-257-4882

June 16, 2023

<u>Via ECF</u>
The Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl St., Chambers 1350
New York, NY 10007

      Re:   *Satisfaction Fulfilled Ltd. and PeerMusic (UK) Ltd. v. Sony Music Pub. LLC*, No. 23-cv-3390 (PAC)

Dear Judge Crotty:

      We represent Defendant Sony Music Publishing LLC ("Sony") and write to request a pre-motion conference concerning Sony's anticipated motion to dismiss Plaintiffs' claim for tortious interference with business relations. (Complaint dated April 21, 2023 ("Compl.") (Dkt.1) ¶¶ 58-63.) The Court should dismiss this claim because Plaintiffs cannot plausibly allege that Sony acted solely to harm Plaintiffs or employed the requisite wrongful means.

      This is a copyright ownership dispute regarding the musical composition "Hey D.J." (Compl. ¶ 1.) Plaintiffs Satisfaction Fulfilled Ltd. and PeerMusic (U.K.) Ltd. are, respectively, the owner and administrator of the music publishing interests of the late Malcolm McLaren. (*Id.* ¶ 1.) Defendant Sony administers the publishing interests of the songwriters Larry Price, Ronald Larkins Jr., and Steven Hague. (*Id.* ¶¶ 10-12, 21.) When "Hey D.J." was released in 1984, both a vocal and instrumental version of the song were registered with the U.S. Copyright Office. (*Id.* ¶¶ 12, 18.) The registration for the vocal version identifies McLaren, Price, Larkins, and Hague as joint authors. (*Id.*) In contrast, for close to forty years, the registration for the instrumental version bestows authorship on Price, Larkins, and Hague only. (*Id.*)

The Honorable Paul A. Crotty
June 16, 2023

In 2022, Alien Music Services, a music clearance company, approached both PeerMusic and Sony to license a portion of "Hey D.J." in a work called "About Damn Time" by the recording artist Lizzo. (*Id*. ¶¶ 20-21.) Although Alien and PeerMusic allegedly reached agreement on the terms of the requested license (*id*. ¶¶ 20, 23-24, 27-28), Alien later "retract[ed] the license request" because Sony had claimed 100% of the publishing on the "Hey D.J." use. (*Id*. ¶ 29). Sony did so because "About Damn Time" used the "instrumental only version" of "Hey D.J.," and Sony maintains McLaren has no interest in that work. (*Id*.)

Plaintiffs allege that Sony's actions prevented them from participating in licensing "Hey D.J." to "About Damn Time" and tortiously interfered with their business relations because:

> Sony intentionally and maliciously interfered with Plaintiffs' prospective business relationship with Alien for the sole purpose of harming Plaintiffs by unlawfully and improperly usurping the Lizzo license opportunity and related consideration for itself and by violating Plaintiffs' rights under the U.S. Copyright Act.

(*Id*. ¶ 61.)

Plaintiffs' claim should be dismissed because Plaintiffs have failed adequately to allege a requisite element, namely, that Sony acted with the "sole purpose of harming" Plaintiffs or used wrongful means. *Hadami, S.A. v. Xerox Corp.,* 272 F. Supp. 3d 587, 602 (S.D.N.Y. 2017) (quoting *Goldhirsh Grp., Inc. v. Alpert*, 107 F.3d 105, 108–09 (2d Cir. 1997)).

As an initial matter, Plaintiffs' mere "formulaic recitation of a cause of action's elements"—that Sony allegedly acted "for the sole purpose of harming Plaintiffs" (Compl. ¶ 61)—is insufficient to state a viable claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also Ace Arts, LLC v. Sony/ATV Music Pub., LLC,* 56 F. Supp. 3d 436, 453 (S.D.N.Y. 2014), *abrogated on other grounds by Admiral Ins. Co. v. Niagara Transformer Corp*., 57 F. 4th 85 (2d Cir. 2023) (granting motion to dismiss where plaintiff couched as factual allegations legal conclusion that defendant acted maliciously).

The Honorable Paul A. Crotty
June 16, 2023

Regardless, Plaintiffs' allegations demonstrate that Sony acted to further its own economic interests (*see* Compl. ¶¶ 35 and 37 (Sony "usurped [Plaintiffs' opportunity to receive licensing fees] for itself" and "divert[ed] [Plaintiffs'] licensing fees to itself")), such that Sony and those allegations make it impossible for Plaintiffs to plead that Sony acted solely to harm them. *See Vinas v. Chubb Corp.,* 499 F. Supp. 2d 427, 434 (S.D.N.Y. 2007) ("Actions taken, at least in part, to promote or advance [defendant's] economic self-interest are, by definition, not taken for the sole purpose of harming [plaintiff].") (internal citation omitted).

The Complaint also fails to allege that Sony acted using the requisite wrongful means, *i.e.*, a "crime or an independent tort." *Watson v. Riptide Worldwide, Inc.,* No. 11-cv-0874 (PAC), 2012 WL 383946, at *6 (S.D.N.Y. Feb. 7, 2012); *PKG Grp., LLC v. Gamma Croma, S.p.A.,* 446 F. Supp. 2d 249, 251 (S.D.N.Y. 2006) (*quoting Carvel Corp. v. Noonan,* 3 N.Y.3d 182, 190 (2004)). Plaintiffs allege only that their "rights under the U.S. Copyright Act" were "violated" (Compl. ¶ 61), but that is insufficient. Indeed, the only arguable "tort" that could exist under the copyright laws is the act of copyright infringement, but even if infringement could be a sufficient "wrongful means," Plaintiffs cannot allege that Sony infringed their rights. As Plaintiffs concede, in licensing "Hey D.J." for use in "About Damn Time," Sony was acting on behalf of Price, Larkins, and Hague—McClaren's putative co-owners of "Hey D.J."—and no infringement claim can lie between co-owners of a copyrighted work. *See, e.g., Weissmann v. Freeman*, 868 F.2d 1313, 1318 (2d Cir. 1989) ("[A]n action for infringement between joint owners will not lie because an individual cannot infringe his own copyright.").

                                                Respectfully submitted,

                                                /s/ Cynthia Arato

                                                Cynthia Arato