UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

SATISFACTION FULFILLED, LTD., and PEERMUSIC (UK) LTD. :
Plaintiffs, :

v. : No. 1:23-cv-03390 (PAC)

SONY MUSIC PUBLISHING LLC, :

Defendant. :

---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SONY MUSIC PUBLISHING LLC'S MOTION TO DISMISS FOURTH CLAIM FOR RELIEF FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

**TABLE OF CONTENTS**


TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

ALLEGATIONS OF THE COMPLAINT RELEVANT TO THIS MOTION ........ 2

PROCEDURAL HISTORY ........ 3

ARGUMENT ........ 4

I. PLAINTIFFS' CLAIM FAILS BECAUSE PLAINTIFFS CANNOT ALLEGE THAT SONY ACTED WITH MALICE OR USED WRONGFUL MEANS ........ 4

CONCLUSION ........ 9

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*A & A Jewellers Ltd. v. Bogarz, Inc.*,
No. 05-cv-20, 2005 WL 2175164 (W.D.N.Y. 2005) ........ 5

*Ace Arts, LLC v. Sony/ATV Music Pub., LLC*,
56 F. Supp. 3d 436 (S.D.N.Y. 2014) ........ 4

*Admiral Ins. Co. v. Niagara Transformer Corp.*,
57 F. 4th 85 (2d Cir. 2023) ........ 4

*Advanced Knowledge Tech, LLC v. Fleitas*,
No. 21-CV-992 (PKC), 2021 WL 6126966 (S.D.N.Y. Dec. 28, 2021) ........ 8

*Archie Comic Publications, Inc. v. DeCarlo*,
141 F. Supp. 2d 428 (S.D.N.Y. 2001) ........ 6, 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 4

*Carvel Corp. v. Noonan*,
3 N.Y.3d 182 (2004) ........ 5

*Champlin v. Music Sales Corp.*,
604 F. Supp. 3d 224 (S.D.N.Y. 2022) ........ 7

*Global Packaging Servs., LLC v. Glob. Printing & Packaging*,
248 F. Supp. 3d 487 (S.D.N.Y. 2017) ........ 5

*Goldhirsh Grp., Inc. v. Alpert*,
107 F.3d 105 (2d Cir. 1997) ........ 4

*Hadami, S.A. v. Xerox Corp.*,
272 F. Supp. 3d 587 (S.D.N.Y. 2017) ........ 4

*In re Clark*,
146 A.D. 3d 495 (1st Dep't 2017) ........ 8

*Law Offs. of Ira H. Leibowitz v. Landmark Ventures, Inc.*,
131 A.D.3d 583 (2015) ........ 5

*PKG Grp., LLC v. Gamma Croma, S.p.A.*,
446 F. Supp. 2d 249 (S.D.N.Y. 2006) ........ 5

*Underwood v. Lastrada Ent. Co., Ltd.*,
No. 16-CV-9058 (DLC), 2020 WL 3640532 (S.D.N.Y. July 6, 2020) ........ 8

*Vinas v. Chubb Corp.,*
499 F. Supp. 2d 427 (S.D.N.Y. 2007) .......... 5

*Weissmann v. Freeman*,
868 F.2d 1313 (2d Cir. 1989) .......... 6

*Wright v. Ernst & Young LLP*,
152 F.3d 169 (2d Cir. 1998) .......... 6

**Statutes** **Page**

17 U.S.C. § 102 .......... 6

Defendant Sony Music Publishing LLC ("Sony") respectfully moves to dismiss with prejudice Plaintiffs Satisfaction Fulfilled Ltd. and PeerMusic (UK) Ltd.'s Fourth Claim for Relief for tortious interference with business relations.

## PRELIMINARY STATEMENT

This is a copyright ownership dispute regarding the 1984 musical composition "Hey D.J." For nearly 40 years, copyright registrations have been on file with the U.S. Copyright Office recognizing two separate versions of this work: an instrumental-only version, credited to three songwriters whose interests in the work are owned and controlled by affiliates of Sony, and a version with lyrics, credited to these same three writers plus a fourth, whose interest is owned and controlled by Plaintiffs. As alleged by Plaintiffs, in 2022, the recording artist Lizzo sampled a small portion of the instrumental-only version of "Hey D.J." in her hit song "About Damn Time," pursuant to a license that Sony issued for the instrumental-only version of the work. Even though they have never owned any part of this work, Plaintiffs filed this action to belatedly assert an ownership claim in the instrumental-only version of "Hey D.J.," so they can obtain an unwarranted share of the fees earned from licensing this work.

This motion seeks dismissal of Plaintiffs' fourth claim for relief for tortious interference with business relations. Plaintiffs contend in this claim that Sony tortiously interfered with Plaintiffs' ability to license their purported share of the instrumental-only version of "Hey D.J." for use in "About Damn Time," because Sony has maintained, consistent with the decades-old copyright registrations, that Plaintiffs do not own a portion of that instrumental-only work.[1]

[1] Plaintiffs also assert three other claims in this action for: (1) a declaration, forty years after the fact, that they co-own the instrumental version of "Hey D.J."; (2) an "accounting" flowing from this assertion; (3) tortious interference with contract.

Plaintiffs' interference claim fails because Plaintiffs have not alleged (and cannot allege) a requisite element, namely that Sony either acted purely from malice or used wrongful means, *i.e.*, committed a crime or independent tort. Plaintiffs have not alleged (and cannot allege) any actionable malice because Plaintiffs' contentions demonstrate that Sony acted to further its own economic interests. Plaintiffs have not alleged (and cannot allege) any actionable wrongful means because Plaintiffs allege only that their "rights under the U.S. Copyright Act" were "violated," and that allegation fails to implicate a crime or independent tort. Nor can Plaintiffs salvage their claim through their newfound reliance on conversion as the supposed tort. Plaintiffs did not plead this theory in the Complaint and any purported conversion claim would be preempted by the Copyright Act and fail on its own terms in any event, because Plaintiffs cannot allege the existence of a specific, identifiable fund which Plaintiffs previously owned, possessed, or controlled and which Sony allegedly took.

**ALLEGATIONS OF THE COMPLAINT RELEVANT TO THIS MOTION**

This is a copyright ownership dispute regarding the 1984 musical composition "Hey D.J." (Complaint dated April 21, 2023, Dkt. No. 1 ("Compl.") ¶ 1.) Plaintiffs Satisfaction Fulfilled Ltd. and PeerMusic (U.K.) Ltd. are, respectively, the owner and administrator of the music publishing interests of the late artist and music producer Malcolm McLaren. (*Id.*) Sony owns the copyright interests of the songwriters Larry Price, Ronald Larkins Jr., and Stephen Hague. (*Id.* ¶ 21.) When "Hey D.J." was released in 1984, two versions of the song were registered with the U.S. Copyright Office: a vocal version and an instrumental-only version. (*Id.* ¶¶ 14, 18.) The copyright registration for the vocal version identifies each of McLaren, Price, Larkins, and Hague as joint authors of that work. (*Id.*). In contrast, for close to 40 years, the registration for the instrumental-

only version bestows authorship on Price, Larkins Jr., and Hague only, and does not recognize McLaren as an author. (*Id.*)

In early 2022, Alien Music Services, a music clearance company, approached both Sony and Peer to license a portion of "Hey D.J." for use in "About Damn Time." (*Id.* ¶¶ 20-21.) Plaintiffs confirmed the terms of a license that Alien had offered and Plaintiffs thus "had an opportunity and expected to enter into a business relationship with Alien." (*Id.* ¶ 59.) Alien later "retract[ed] the license request" because Sony had claimed a 100% interest of the publishing on the "Hey D.J." use. (*Id.* ¶ 29.) Sony did so because "About Damn Time" used the "instrumental only version" of "Hey D.J.," and Sony maintains that McLaren has no interest in that work. (*Id.*)

In their Complaint, Plaintiffs allege that Sony's actions prevented them from receiving a share of the licensing fees for the use of the instrumental-only version of "Hey D.J." in "About Damn Time," as well as the corresponding share of "About Damn Time" allocated to that use. (*Id.* ¶ 35.) Specifically, plaintiffs allege that Sony's actions tortiously interfered with their business relations because:

> Sony intentionally and maliciously interfered with Plaintiffs' prospective business relationship with Alien for the sole purpose of harming Plaintiffs by unlawfully and improperly usurping the Lizzo license opportunity and related consideration for itself and by violating Plaintiffs' rights under the U.S. Copyright Act.

(*Id.* ¶ 61.)

## PROCEDURAL HISTORY

On June 16, 2023, Sony submitted a letter requesting a pre-motion conference concerning this motion. (Dkt. No. 14). In its letter, Sony summarized the grounds for relief, including that the Complaint (1) alleged that Sony was motivated by its own economic interest and thus could not possess the requisite malice, and (2) failed to plead the requisite wrongful means, because

allegedly "violating Plaintiffs' rights [as a putative co-owner] under the U.S. Copyright Act" is not an actionable crime or independent tort. (*Id.*)

Plaintiffs submitted their response on June 29, 2023. ("Pre-Motion Response" (Dkt. No. 16)). In it, Plaintiffs abandoned their claim that Sony acted with the requisite malice. Instead, they sought to re-write their pleading to contend that conversion (not the "violation" of Plaintiffs' rights under the Copyright Act) was the independent tort supporting their claim. (*Id.*)

On July 12, 2023, the Court held a pre-motion conference and granted Sony permission to file this motion.

## ARGUMENT

### I. PLAINTIFFS' CLAIM FAILS BECAUSE PLAINTIFFS CANNOT ALLEGE THAT SONY ACTED WITH MALICE OR USED WRONGFUL MEANS

Plaintiffs' claim for tortious interference with business relations should be dismissed because the Complaint fails adequately to allege a requisite element of the claim: namely that Sony acted with "the sole purpose of harming plaintiffs, or failing that level of malice, use[d] dishonest, unfair, or improper means." *Hadami, S.A. v. Xerox Corp.,* 272 F. Supp. 3d 587, 602 (S.D.N.Y. 2017) (quoting *Goldhirsh Grp., Inc. v. Alpert*, 107 F.3d 105, 108–09 (2d Cir. 1997)). Moreover, the facts which Plaintiffs allege demonstrate that no such claim can succeed.

As a preliminary matter, Plaintiffs' mere "formulaic recitation of a cause of action's elements"—that Sony allegedly acted "for the sole purpose of harming Plaintiffs" (Compl. ¶ 61)—is insufficient to state a viable claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ace Arts, LLC v. Sony/ATV Music Pub., LLC,* 56 F. Supp. 3d 436, 453 (S.D.N.Y. 2014), *abrogated on other grounds by Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F. 4th 85 (2d Cir. 2023) (granting motion to dismiss where plaintiff couched as factual allegations the legal conclusion that defendant acted maliciously).

Regardless, Plaintiffs' allegations demonstrate that Sony did not act with the sole purpose of harming Plaintiffs but, instead to further its own economic interests. *See* Compl. ¶¶ 35 and 37 (Sony "usurped [Plaintiffs' opportunity to receive licensing fees] for itself" and "to divert [Plaintiffs'] licensing fees to itself")). These allegations make it impossible for Plaintiffs to plead that Sony acted solely to harm them, a defect Plaintiffs implicitly acknowledged in their Pre-Motion Response, which did not rely on the Complaint's conclusory assertion of malice. (Pre-Motion Response; *see also Vinas v. Chubb Corp.,* 499 F. Supp. 2d 427, 434 (S.D.N.Y. 2007) ("Actions taken, at least in part, to promote or advance [defendant's] economic self-interest are, by definition, not taken for the sole purpose of harming [plaintiff].") (quoting *A & A Jewellers Ltd. v. Bogarz, Inc.,* No. 05-cv-20, 2005 WL 2175164, at *2 (W.D.N.Y. 2005)).

The Complaint also fails to allege that Sony acted using dishonest, unfair, or improper means. Such wrongful means must, "in all but the most egregious circumstances . . . amount to misconduct that constitutes either a crime or an independent tort." *PKG Grp., LLC v. Gamma Croma, S.p.A.,* 446 F. Supp. 2d 249, 251 (S.D.N.Y. 2006) (*quoting Carvel Corp. v. Noonan,* 3 N.Y.3d 182, 190-91 (2004)); *Global Packaging Servs., LLC v. Glob. Printing & Packaging*, 248 F. Supp. 3d 487, 494-95 (S.D.N.Y. 2017); *Law Offs. of Ira H. Leibowitz v. Landmark Ventures, Inc.,* 131 A.D.3d 583, 586 (2015) ("[C]onduct that is neither criminal nor tortious will generally be lawful and thus insufficiently culpable to create liability for interference with prospective business relations.") (internal quotation marks omitted).

The Complaint does not allege that Sony committed a crime. To the contrary, Plaintiffs allege only their "rights under the U.S. Copyright Act" were "violated." (Compl. ¶ 61.) The Complaint likewise fails to plead that Sony committed an independent tort. Indeed, the only arguable "tort" that could exist under the copyright laws is the act of copyright infringement, but

even if copyright infringement could be a sufficient "wrongful means," Plaintiffs cannot allege that Sony infringed their rights because even under Plaintiffs' theory, Sony was acting as a putative co-owner of "Hey D.J."—and no infringement claim can lie between co-owners. *See, e.g., Weissmann v. Freeman*, 868 F.2d 1313, 1318 (2d Cir. 1989) ("[A]n action for infringement between joint owners will not lie because an individual cannot infringe his own copyright.").

Plaintiffs cannot turn to a new theory of conversion to salvage their claim, as they attempted to do in their Pre-Motion Response. The Court cannot rely on Plaintiffs' conversion theory to sustain the current Complaint because the Complaint does not plead conversion as the purported independent tort. *See*, *e.g.*, *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (a plaintiff cannot amend a complaint through a legal memorandum filed in opposition to a motion to dismiss). Nor should the Court grant Plaintiffs leave to amend to pursue that theory, considering that conversion cannot serve as the independent tort for two reasons: any conversion claim would be preempted and cannot apply to Sony's alleged conduct in any event.

As an initial matter, Plaintiffs cannot rely on conversion as the independent tort because any conversion claim would be preempted by the Copyright Act. The Copyright Act preempts a state law claim when (1) the particular work to which the state law claim is being applied falls within the type of works protected by the Copyright Act and (2) the state law claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law. *Archie Comic Publ'ns, Inc. v. DeCarlo*, 141 F. Supp. 2d 428, 431 (S.D.N.Y. 2001). Both prongs of the preemption test are met here.

*First*, Plaintiffs' conversion claim would satisfy the first prong of the preemption test because the claim would concern a musical composition, a type of work protected by the Act. 17 U.S.C. § 102.

*Second*, Plaintiffs' claim seeking a declaration of copyright ownership of the instrumental-only version of "Hey D.J." seeks to vindicate legal or equitable rights equivalent to rights protected by the Act. *See*, *e.g.*, *Archie Comics*, 141 F. Supp. 2d at 432 (finding conversion claim preempted where the "essence of the [claim] is that the counterclaim defendants are said to be exploiting rights that allegedly belong to [counterclaim plaintiff] by virtue of authorship").

*Champlin v. Music Sales Corp*., 604 F. Supp. 3d 224 (S.D.N.Y. 2022), the case upon which Plaintiffs relied in their Response, proves the point. Like the Plaintiffs here, the songwriter plaintiff in *Champlin* sued a music publisher for allegedly wrongfully collecting royalties for the plaintiff's alleged share of a musical composition. *Id.* at 229-30. The defendant was collecting royalties for two different portions of the claimed share—a portion the defendant contended that it, and not plaintiff, owned, and a portion over which defendant never claimed ownership. *Id.* at 231. The plaintiff sued defendant for converting the royalties related to both shares, and the court found the conversion claim preempted as to the share whose ownership was in dispute. As the court held:

> [plaintiff's] conversion claim under state law is preempted by section 203 as to the [] interest that [defendant] held at the date [plaintiff claimed his ownership] but not as to the [] interest that [a third-party had] relinquished to [plaintiff] with respect to which [defendant] allegedly continued to thereafter collect royalties.

*Id*. at 231.

The court distinguished between a conversion claim for earnings from a work whose ownership is in dispute and one whose ownership is not. As the court explained, "where the conversion claim comprised the same materials for which the plaintiff sought copyright protection, courts have found such a conversion preempted." *Id.* at 239.

That distinction is critical. As with the conversion claim that the *Champlin* court found preempted, Sony and Plaintiffs dispute who rightfully owns Plaintiffs' claimed share of "Hey D.J." and Plaintiffs seek copyright protection, *i.e.*, to be declared the copyright owner, for that portion.

Any conversion claim that Plaintiffs otherwise contend could exist would therefore be preempted and could not serve as the underlying independent tort for the purposes of a tortious interference claim.

Regardless of preemption, the Complaint reveals that there is no actionable claim for conversion of money in any event. To state a claim for conversion of money there must be "a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question." *Advanced Knowledge Tech, LLC v. Fleitas*, No. 21-CV-992 (PKC), 2021 WL 6126966, at *6 (S.D.N.Y. Dec. 28, 2021); *see also In re Clark,* 146 A.D. 3d 495, 496 (1st Dep't 2017). The Complaint identifies no such specific, identifiable fund; it instead contends that it is entitled to royalty earnings corresponding to a claimed 8.335 percent share of "Hey D.J." (Compl. ¶ 28), but "the identification of a royalty rate of [a given percentage] is insufficient to state a claim [for conversion]." *Underwood v. Lastrada Ent. Co., Ltd.,* No. 16-CV-9058 (DLC), 2020 WL 3640532, at *5 (S.D.N.Y. July 6, 2020) (granting motion to dismiss where conversion claim did not identify either the amount converted or a discrete fund to which plaintiff is entitled).

Further, "[a] conversion claim for money only survives if plaintiff had ownership, possession or control of the money prior to the conversion and an obligation to be paid does not equate to a plaintiff's ownership, possession or control of the money in question." *Advanced Knowledge Tech, LLC*, 2021 WL 6126966, at *6 (cleaned up). Here, the Complaint does not allege that plaintiff ever had ownership, possession, or control over the monies collected pursuant to the "Hey D.J." licensing agreement that Sony issued. Accordingly, Plaintiffs cannot rely upon their conversion theory to supply the requisite independent tort and no amendment should be allowed.

**CONCLUSION**

For the foregoing reasons, defendant Sony respectfully requests that plaintiffs' Fourth Cause of Action for tortious interference with business relations be dismissed with prejudice.

Dated: New York, New York
August 11, 2023

SHAPIRO ARATO BACH LLP

By: /s/ Cynthia S. Arato
Cynthia S. Arato
Bronwyn C. Roantree

1140 Avenue of the Americas
New York, NY 10036
Telephone: (212) 257-4882
carato@shapiroarato.com
broantree@shapiroarato.com

*Attorneys for Defendant Sony Music Publishing LLC.*