UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SATISFACTION FULFILLED LTD. and
PEERMUSIC (UK) LTD.,

              Plaintiffs,

        -against-

SONY MUSIC PUBLISHING LLC,

             Defendant.
-------------------------------------------------------------------X

Case No. 23-cv-3390 (PAC)

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

WHEREAS, Plaintiffs Satisfaction Fulfilled Ltd. ("SFL") and Peermusic (UK) Ltd. ("Peer") (collectively, "Plaintiffs") and Defendant Sony Music Publishing, LLC ("Sony") (each a "Party" and, together, the "Parties") believe that certain documents, information, things, recordings, testimony, or other information (collectively, "Material") that may be produced or discovered during this litigation (the "Litigation") may consist of trade secrets, financial information, business information, and otherwise commercially valuable, proprietary, and/or personal information that the respective Parties maintain as, or consider to be, confidential (the "Protected Material");

WHEREAS, the Parties reasonably believe that the unauthorized disclosure of Protected Material could cause irreparable harm to the disclosing Party;

WHEREAS, the Parties believe that good cause exists for the entry of a Protective Order that is narrowly tailored to protect the Parties' Protected Material against the risk of unauthorized disclosure during the Litigation;

WHEREAS, the Parties, by their counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, have agreed that the Protective Order described below should be entered and should govern the production, disclosure, and use of Protected Material in the Litigation;

IT IS THIS HEREBY STIPULATED between the Parties, and ORDERED by the Court, as follows:

## INFORMATION SUBJECT TO THIS ORDER

1.    Any Material produced or provided by any Party in the Litigation (the "Designating Party") to another Party (the "Receiving Party") may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," subject to the limitations and guidelines set forth herein. All Material so designated and any information derived from the Material that may reveal, in whole or in part, the substance of the Material, including (but not limited to) copies, recordings, summaries, abstracts, excerpts, analyses, or the like, constitutes "Protected Material" under this Protective Order.

2.   For purposes of this Protective Order:

   a.     "Confidential" shall refer to all Material, where such Material contains a Designating Party's proprietary, confidential, commercially, or competitively sensitive technical, business, financial or trade secret information; the confidential, personal or financial affairs of its employees or third parties; or other information not publicly known. The category "Confidential" includes, but is not limited to, nonpublic drafts (including of music compositions and sound recordings), trade secrets, nonpublic financial data, strategic business materials, and third-party confidential

information and communications subject to a nondisclosure agreement, protective order, or other privacy expectation.

b. The category "Highly Confidential – Attorneys' Eyes Only" refers to Material that is Confidential that is of such a private, sensitive, competitive, or proprietary nature that disclosure to persons other than those identified in paragraph 3(b) below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Designating Party. A designation of Protected Material as "Highly Confidential – Attorneys' Eyes Only" constitutes a representation that such Material has been reviewed by an attorney for the Designating Party (or the Designating Party, if not represented by counsel) and that there is a valid basis for such a designation.

3. The disclosure of Protected Material shall be limited as follows:

a. Material designated "Confidential" and all information derived from it, including copies, recordings, summaries, abstracts, excerpts, analyses, compilations or the like, may, without the written consent of the Designating Party, be given, shown, made available or communicated by the Receiving Party only to the following persons:

   i. Officers, directors, employees and in-house counsel of the Receiving Party to whom disclosure is reasonably necessary for the Litigation;

   ii. Counsel of record for the Parties (including other attorneys and staff working under their direction);

iii.  Professional litigation support vendors (including jury consultants) retained by the Parties or their respective counsel who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iv.  Independent consultants or experts engaged by counsel or the Parties in this Litigation and their staff, whether or not such experts are paid directly by a Party, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

v.  Independent persons or firms retained by any Party for the purpose of producing graphic or visual aids who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

vi.  Professional court reporters and videographers to the extent Protected Material is disclosed at a deposition or hearing that such person is transcribing or recording;

vii.  At a deposition, with respect to documentary material, any witness who authored or has previously received the particular Protected Material sought to be disclosed to that person, if the document itself or the deponent's testimony indicated that person authored or received the document;

viii.  At a deposition, any witness employed at the time of the deposition by the Designating Party of the particular Protected Material;

ix.  At a deposition, any witness formerly employed by the Designating Party who was personally involved in the matters to which the Protected Material relates or refers; and

4

       x.  The Court and its staff.

   b.  Material designated "Highly Confidential – Attorneys' Eyes Only" and all

information derived from it, including copies, recordings, summaries,

abstracts, excerpts, analyses, compilations or the like, may, without the

written consent of the Designating Party, be given, shown, made available or

communicated by the Receiving Party only to the following categories of

persons identified in subparagraph (a) above: categories (ii) – (vi) and (x), and

to category (vii), but for category (vii) only, so long as it is established that

person authored or received the document.

## DESIGNATION PROCEDURE

    4.    Designation shall be made, where practicable, by conspicuously marking each

page of a document, each separate part or component of a thing, or each separate item of other

Material with the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  If

marking the Protected Material is not practicable, designation may be made on a container for or

tag attached to the Protected Material or in any other reasonably conspicuous manner.  A party

wishing to invoke the provisions of this Protective Order shall designate the particular Material

or portions thereof to be protected prior to or at the time such information is disclosed, or when

the party seeking protection becomes aware of the nature of the information disclosed and sought

to be protected.

    5.    With respect to sworn testimony, the testifying witness, his/her counsel, or any

counsel representing any person or party at the deposition may designate such testimony as

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" either on the record at the

deposition or (for "Confidential" designation only) in writing to all Parties within ten (10)

business days after receipt of the deposition transcript. The provisions of this paragraph may be invoked with respect to the witness's entire deposition, or any portion thereof. Each party in receipt of a copy of a deposition transcript designated under this paragraph shall mark each copy of each portion of the transcript not already marked by the reporter and will thereafter destroy any unmarked copies of the transcript in its possession, custody, or control. Until the 10-business-day period for designating the transcript as Protected Material has elapsed, the entire transcript shall be treated as "Confidential," unless counsel for a Designating Party requested a "Highly Confidential – Attorneys' Eyes Only" designation during the deposition, in which case the applicable portions of the transcript shall be treated as "Highly Confidential – Attorneys' Eyes Only."

6.    If Protected Material is referenced during a deposition or hearing, or if any question asked, answer given, or answer about to be given contains or is reasonably likely to contain Protected Material, then the Designating Party (or any other person who claims an interest in the Protected Material) may request that any person who is not authorized to receive the Protected Material pursuant to Paragraph 3, as the case may be depending on how the Protected Material has been designated, not be present or participate during such portion of the deposition or hearing, and such unauthorized persons shall immediately honor such request. This Paragraph shall not be interpreted to authorize disclosure of Protected Material to any person to whom disclosure is not otherwise authorized by Paragraph 3.

7.    The Parties recognize that discovery of a third party may involve receipt of that party's confidential Material. Accordingly, a third party may designate confidential Material that it produces in this Litigation ("Third-Party Protected Material") as "Confidential" or "Highly

Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order.  Third-Party

Protected Material shall be subject to all applicable provisions of this Protective Order.

8.      A Designating Party that inadvertently fails to designate Protected Material

pursuant to this Protective Order at the time of the production shall make a correction promptly

after becoming aware of such error.  Such correction and notice thereof shall be made in writing

accompanied by substitute copies of each item, appropriately designated.  Those individuals who

reviewed the documents or information prior to notice of the failure to designate by the

Designating Party shall, to the extent reasonably feasible, return to the Designating Party or

destroy all copies of such undesignated Protected Material and shall honor the provisions of this

Protective Order with respect to the use and disclosure of any Confidential or Highly

Confidential – Attorneys' Eyes Only information contained in such Protected Material from and

after the date of designation.  The failure to designate Protected Material that has been produced

shall not constitute a waiver of any rights that the Designating Party may have under this

Protective Order or applicable law, provided that the Designating Party promptly corrects the

failure after becoming aware of it.

9.      If at any time during the pendency of the Litigation any party claims that Material

is not appropriately designated (the "Objecting Party"), the Objecting Party may serve notice of

objection on the Designating Party.  Within five (5) business days of receiving such notice, the

Designating Party shall respond in writing.  If the Designating Party and the Objecting Party

cannot resolve the dispute, the Objecting Party may move for an order from this Court regarding

the disputed Material.  If the Objecting Party moves this Court for such order, the Designating

Party shall bear the burden to establish that the designation complies with the guidelines and

limitations described in this Protective Order.  Until or unless the Parties formally agree in

writing to the redesignation of such Material, or until such time as the Material is redesignated by this Court's order, all Material shall continue to be treated in accordance with the designation chosen by the Designating Party.

## USE OF PROTECTED MATERIAL

10.     Protected Material shall be used by a Receiving Party only for purposes of litigating or defending this Litigation.  Protected Material shall not be used for any other purpose. Specifically, Protected Material shall not be used by a Receiving Party in any other litigation or proceeding for any acquisition, or for any business or competitive purpose or function of any kind.  Protected Material shall not, without prior written consent of the Designating Party, be disclosed by a Receiving Party to anyone other than the personnel specific in Paragraph 3 above (as applicable) or in any manner other than as described in this Protective Order.  Nothing in this Protective Order shall preclude any Designating Party from disclosing or using, in any manner or for any purpose, any information or documents that the party itself produced and designated as Protected Material.

11.     Any person who receives Protected Material pursuant to this Protective Order shall maintain such information in a secure and safe manner and shall exercise reasonable due care with respect to storage, custody, and use of such Material so as to prevent any disclosure or use of Protected Material that is not authorized by this Protective Order.

12.     If a party wishes to use any Protected Material in any affidavits, briefs, memorandum of law, or other papers filed during the Litigation, such papers may be filed under seal.  If reasonably practicable, the party making such filing shall also file an unsealed version of the document in which only designated Protected Material is redacted.  A party seeking to file

8

documents under seal or with redactions shall follow the procedures set forth in Rule #7 of the Individual Rules & Practices in Civil Cases of the Honorable Paul A. Crotty.

13.    This Protective Order, insofar as it restricts the dissemination and use of Protected Material, shall not apply to the introduction of evidence at trial or the display or discussion of Protected Material during hearings held by the Court, including but not limited to preliminary injunction and summary judgment hearings.  However, any party or third party may seek appropriate orders restricting the use of any Protected Material covered by this Protective Order during the trial or other Court proceeding, including requests that portions of the transcript be sealed or that access of unauthorized persons to relevant portions of the trial or other proceeding be restricted.

14.    Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission, acknowledgment, or evidence that the Material so designated should properly be deemed proprietary, confidential, or a trade secret.

15.    If information designated pursuant to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party, without prejudice to all other rights and remedies of the Designating Party and shall make every effort to prevent further improper disclosure.

16.    If a Receiving Party is served with a subpoena, document request, motion to disclose, or order issued by another court, authority, or third party that seeks to or would compel disclosure of any information or items designated by another party to this action as Protected

9

Material, the Receiving Party must notify the Designating Party in writing as soon as reasonably practicable and in no event more than five (5) business days after receiving the subpoena, document request, motion to disclose, or order or less than ten (10) business days prior to the intended disclosure of any Protected Material, whichever is sooner (unless the time frame set forth in the subpoena, order, etc. makes it impossible to meet this requirement, in which case, the Receiving Party shall notify the Designating Party as soon as it is possible to do so). Such notification must include a copy of the subpoena, document request, motion to disclose, or order. The Receiving Party shall afford the Designating Party a reasonable opportunity to seek an order preventing or limiting disclosure of any Protected Material (to the extent possible) and shall take all reasonable steps to protected against or limit disclosure of Protected Material that is subject to such subpoena, document request, motion to disclose, or order.

## **MISCELLANEOUS**

17.     Counsel shall make reasonable efforts to identify Material protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such Material. The inadvertent production of any Material shall be without prejudice to any claim that such Material is protected by the attorney-client privilege or protected from discovery as work product, and no party shall be held to have waived any rights thereunder by inadvertent production. If a party discovers that it has inadvertently produced Material protected by the attorney-client privilege or work product doctrine, it shall promptly give written notice to counsel for the Receiving Party. The Receiving Party shall take prompt steps to ensure that all known copies of such Material are returned or destroyed, and any notes or summaries, other than those expressly permitted in this paragraph, referring to or relating to any such Material are destroyed, with such destruction certified in writing. Nothing herein shall prevent the Receiving

Party from preparing a record for its own use containing the date, author, address(es), and such other non-privileged information as reasonably necessary to identify the inadvertently produced Material and generally describe its nature to the Court in any motion to compel production of such Material.  Such a record of the identity and nature of the Material may not be used for any purpose other than preparation of a motion to compel in this action.  After returning the inadvertently produced Material, the Receiving Party may contest such claims of privilege or work product as if the Material had not been produced but shall not assert that a waiver occurred as a result of the production.

18.     Within sixty (60) days following termination of this litigation by settlement or final judgment, including exhaustion of all appeals, the originals and all copies of Protected Material shall be either destroyed or returned to the producing party.  If Protected Material is destroyed pursuant to this paragraph, counsel shall provide to opposing counsel a certification that the destruction was performed.  Notwithstanding this paragraph, outside counsel of record may retain pleadings, attorney and consultant work product, deposition transcripts (with exhibits), and trial transcripts (with exhibits) for archival purposes.

19.     The terms of this Protective Order shall survive termination of the Litigation.

SO ORDERED.

Dated: _____
        New York, New York

_____
Paul A. Crotty
United States District Judge

11

**AGREED AND STIPULATED AS TO FORM AND CONTENT:**

CHARLESWORTH LAW                    SHAPIRO ARATO BACH LLP

_____/s/_____               _____/s/_____
Jacqueline C. Charlesworth          Cynthia S. Arato
                                    Bronwyn C. Roantree

15671 Royal Ridge Road              1140 Avenue of the Americas
Sherman Oaks, California 91405      New York, NY 10036
Tel: (917) 432-7343                 Tel: (212) 257-4882
jacqueline@charlesworthlaw.com      carato@shapiroarato.com
                                    broantree@shapiroarato.com
FRANKFURT KURNIT KLEIN & SELZ
P.C.                                *Attorneys for Defendant Sony Music
                                    Publishing, LLC*
Craig B. Whitney
Zoe Rachael Staum
28 Liberty Street
New York, NY 10005
Tel: (212) 826-5583
cwhitney@fkks.com
zstaum@fkks.com

*Attorneys for Plaintiffs Satisfaction*
*Fulfilled Ltd. and Peermusic (UK) Ltd.*

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SATISFACTION FULFILLED LTD. and            :
PEERMUSIC (UK) LTD.,                        :
                                            :   Case No. 23-cv-3390 (PAC)
                Plaintiffs,                 :
                                            :
        -against-                           :
                                            :
SONY MUSIC PUBLISHING LLC,                  :
                                            :
                Defendant.                  :
-----------------------------------------------------------------X

## ACKNOWLEDGMENT AND AGREEMENT TO
## BE BOUND BY THE AGREED PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Southern District of New York in this matter.  I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt.  I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____        City and State: _____

Signature: _____

13